Honorable Travis S. Ware Criminal District Attorney P.O. Box 10536 Lubbock, Texas 79408
Re: Authority of a master appointed under the authority of Senate Bill No. 1321, Acts 1985, 69th Leg., ch. 851, § 1 et seq., at 2951, to handle matters under Title 1, 2 or 4 of the Family Code
Dear Mr. Ware:
You ask whether a master appointed by a judge under Senate Bill No. 1321, Acts 1985, 69th Leg., ch. 851, § 1, at 2951, is statutorily authorized to handle matters under Title 1, 2, or 4 of the Family Code.
Section 1 of Senate Bill No. 1321, Acts 1985, 69th Leg., ch. 851, purports to amend article 1918b, section 1, V.T.C.S. (now sections 54.001 and 54.004 of the Government Code) without reference to the repeal of said article by Acts 1985, 69th Leg., ch. 480, § 26(1), at 2048. As so amended, section 1 of Senate Bill No. 1321 reads:
 Appointment of Master. (a) The judge of a district court or other court having jurisdiction of suits under Title 1, 2, or 4, Family Code, as amended, may appoint a master to perform the duties authorized by this Act if the commissioners court of a county in which the court has jurisdiction authorizes the employment of a master. The court may employ either a full or part-time master. Except as provided by Subsection (d) of this section, the master shall be appointed by the judge and serves at the will of the judge.
 (b) If the court exercises jurisdiction in more than one county, the master may serve only in a county in which the commissioners court has authorized the master's appointment.
 (c) If more than one district court or other court having jurisdiction of suits under Title 1, 2, or 4, Family Code, as amended has jurisdiction in a county, the commissioners court may authorize the appointment of a master for each court or may authorize one or more masters to share service with two or more courts.
 (d) If a master serves more than one court, the master's appointment must be made with the unanimous approval of all the judges under whom the master serves, and the master's services may be terminated by a majority vote of all the judges for whom the master serves.
Your concern appears to stem from the fact that Senate Bill No. 1321, Acts 1985, 69th Leg., ch. 851, § 1, at 2951, is an amendment to a statute repealed by the same legislature. The repealed article 1918b, now sections 54.001 and 54.004 of the Government Code, was amended by Senate Bill No. 1321. The Government Code, enacted by Acts 1985, 69th Legislature, effective September 1, 1985, is a unit of the statutory revision program authorized by article 5429b-1, V.T.C.S.
The Government Code, section 311.031, Savings Provision, provides in pertinent part:
 (c) The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature that enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised, or reenacted.
The fact that the Sixty-ninth Legislature repealed article 1918b, V.T.C.S., does not affect an amendment, revision, or reenactment by the same legislature that enacted this provision of the Government Code.
 SUMMARY
A master appointed under the authority of Senate Bill No. 1321, Acts 1975, 69th Leg., ch. 851, § 1, at 2951, is statutorily authorized to handle matters under Title 1, 2, or 4 of the Family Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General